UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80986-CIV-DIMITROULEAS

NEIL CARLSEN, and KELLY CARLSEN,

    Plaintiffs,

vs.

ONE WEST BANK FSB,

    Defendant.
_____/

**ORDER DENYING PLAINTIFFS' PETITION FOR TEMPORARY INJUNCTION**

THIS CAUSE is before the Court upon the Plaintiffs' Petition for Temporary Injunction [DE 4], filed on August 24, 2010, which this Court construes as a Motion for Temporary Restraining Order.  The Court has carefully considered the Motion, and is otherwise fully advised in the premises.

Preliminary relief is an "extraordinary and drastic remedy."  Zardui-Quintana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985).  The elements that a plaintiff must demonstrate in order to obtain a temporary restraining order are the same as the elements necessary for a preliminary injunction.  Schiavo v. Schiavo, 403 F.3d 1223, 1225 (11th Cir. 2005). Preliminary relief requires the movant to satisfy the four traditional criteria: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Id. at 1225-26.  A court is not to grant

1

injunctive relief "unless the plaintiff establishes the substantial likelihood of success criterion"; questionable claims do not pass muster.  Id. at 1226 (citing Grupo Mexicano de Desarrollo v. Alliance Bond Fund, Inc., 527 U.S. 308, 339 (1999)).  If seeking a temporary restraining order before notice is given to the adverse parties, a movant must set out specific facts in an affidavit or verified complaint that clearly show the movant will suffer immediate and irreparable injury if the temporary restraining order is not granted before the adverse parties can be heard in opposition.  Fed. R. Civ. P. 65(b)(1).  Movants must also provide a security to cover costs and damages that might be sustained by any party that is wrongfully enjoined or restrained.  Fed. R. Civ. P. 65(c).

      Plaintiffs Neil Carlsen and Kelly Carlsen are seeking a temporary restraining order against the Defendant One West Bank FSB ("One West") to prevent One West from foreclosing on their house.  They are apparently alleging a "carefully crafted criminal connivance" by One West to persuade the Carlsens into signing a mortgage they cannot now afford.  In the confused, shotgun pleading, the Carlsens have alleged causes of action of unjust enrichment, breach of fiduciary duty, negligence, negligence per se, common law fraud, breach of the implied covenant of good faith and fair dealing, violation of the Truth in Lending Act (TILA) and the Real Estate Settlement Procedures Act (RESPA), intentional infliction of emotional distress, and a claim to quiet title.

      First, we note Rule 65(c) only allows this Court to issue preliminary relief if the movant posts security and Plaintiffs have offered none here.  Furthermore, none of Plaintiffs' claims have a substantial likelihood of success.  Plaintiffs make allegations against "Defendants Agent, appraiser, trustee, Lender, et al", and at other places describes Defendants as Agent, Lender,

investors, "servicers including EMS", and "all participants". However, Plaintiffs listed only Defendant, One West. It is not entirely clear from the Complaint which role or roles Plaintiffs allege One West to have in the alleged scheme. We presume it is "Lender" and "Agent", though we would find that Plaintiffs would not have a substantial likelihood of success regardless of which role they are alleging One West to have.

In order to state a claim for unjust enrichment, Plaintiffs must allege that they have conferred a benefit upon One West that the One West has accepted or retained, and it would inequitable for One West to keep without payment for it. Golden v. Woodward, 15 So. 3d 664, 670 (Fla. 1st DCA 2009). If there has been payment for the alleged benefit, a claim for unjust enrichment cannot stand. N.G.L. Travel Assocs. v. Celebrity Cruises Inc., 764 So. 2d 672, 675 (Fla. 3d DCA 2000). Any benefits conferred by the Plaintiffs are likely to have been paid for in the terms of the mortgage contract Plaintiffs have with One West.

Plaintiffs claim for breach of fiduciary duty is also unlikely to succeed because Plaintiffs do not allege a relationship with One West beyond a typical creditor-debtor relationship. Ordinary creditor-debtor relationships do not create fiduciary duties under Florida law. Watkins v. NCMB National Bank of Fla., N.A., 622 So. 2d 1063, 1065 (Fla. 3rd DCA 1993). Similarly, Plaintiffs are unlikely to succeed in a claim for negligence, because the contractual relationship between Plaintiffs and One West precludes any legal duty cognizable in tort. Homestead Sav. v. Ozark Fin. Corp., 699 F. Supp. 1547, 1549 n.1 (S.D. Fla. 1988).

Plaintiffs are unlikely to succeed on their common law fraud claim because they have failed to meet the particularity standard of Rule 9(b) when pleading fraud. Fed. R. Civ. P. 9(b). They have not stated precisely what statements or omissions were made, the time and place of

3

the statement or omission, or the person responsible.  See Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (listing elements required for pleading fraud).

The claim for breach of implied covenant of good faith and fair dealing is unlikely to succeed because Plaintiffs have failed to identify the express contract provision that they allege One West breached.  A claim under the implied covenant only lies when there is a breach of an express term of the contract.  Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So. 2d 787, 792 (Fla. 2d DCA 2005).

Plaintiffs claim One West violated RESPA by providing a "good faith estimate not within limits", and for failing to provide certain other statements and booklets.  The good faith estimate requirement under 12 U.S.C. §2604(c) does not create a private right of action.  Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997).  There are no private rights of actions for the violations Plaintiffs complain of.  Carr v. Mid-Atlantic Fin. Servs., 2010 U.S. Dist. LEXIS 86289 *38 (N.D. Ga. July 27, 2010); Dixon v. Countrywide Home Loans, Inc., 2010 U.S. Dist. LEXIS 54292 *8 (S.D. Fla. May 7, 2010).  Even if Plaintiffs had claims under RESPA and TILA, the statutes of limitations would likely bar their claims.  12 U.S.C. §2614; 15 U.S.C. §1640(e).  Plaintiffs argue that equitable tolling is available, but have not stated any facts that would support this Court finding that the statutes of limitations should be tolled in this case.  Because Plaintiffs are unlikely to be able to state claims under RESPA and TILA, they are unlikely to succeed on any negligence per se claims. deJesus v. Seaboard Coast Line R.R. Co., 281 So. 2d 198, 201 (Fla. 1973) (requiring violation of a statute for there to be negligence per se); Cordero Aloua v. Aurora Loan Servs., LLC, 2010 U.S. Dist. LEXIS 63350 *9-10 (D. Nev. June 23, 2010) (finding that because RESPA did not create a private right of action, a negligence per se action based on a

RESPA violation must fail).

As for Plaintiffs' claim of intentional infliction of emotional distress, we find it unlikely to succeed because it is unlikely that Plaintiff will be able to show that One West's "conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community". Stewart v. Walker, 5 So. 3d 746, 749 (Fla. 4th DCA 2009).  Finally, we do not have a basis to find that the Plaintiffs are likely to succeed on the merits of their quiet title claim when the only evidence we have before us is the Plaintiffs' verified complaint.

Because Plaintiffs are unlikely to succeed on any of their claims, we find that their Petition for Temporary Injunction [DE 4] should be denied.  No hearing is necessary on this matter.

Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Petition for Temporary Injunction [DE 4] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of August, 2010.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Neil Carlsen, pro se
107 Rockingham Road
Jupiter, FL 33458

Kelly Carlsen, pro se
107 Rockingham Road
Jupiter, FL 33548

One West Bank FSB
6900 Beatrice Drive
PO Box 4045
Kalamazoo, MI 49003